**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MARION L. JACKSON,**

        **Plaintiff,**

  **v.**                                     **1:12-cv-2850-WSD**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY OF
AMERICA,**

        **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's Motion for Voluntary

Dismissal Without Prejudice [34] ("Motion for Voluntary Dismissal") and

Defendant's Motion for Entry of Default Judgment [36] ("Motion for Default

Judgment").  Also before the Court is Defendant's Motion for Summary Judgment

on Plaintiff's Complaint [37] ("Motion for Summary Judgment").

## I.    BACKGROUND

On July 18, 2012, Plaintiff Marion L. Jackson ("Jackson") filed this

insurance coverage action in the Superior Court of Fulton County, Georgia.  In his

Complaint [1-1], Jackson alleges that, in August 2011, his home was burglarized

and that various articles of his personal property were stolen or damaged.  He

further alleges that, in connection with these losses, he submitted an insurance claim under his homeowner's insurance policy (the "Policy") with Defendant Nationwide Mutual Fire Insurance Company of America ("Nationwide").  Jackson alleges that, although Nationwide tendered some funds to him, Nationwide later denied the insurance claim and refused to make additional payments.  Jackson's Complaint asserts claims for breach of contract and bad faith against Nationwide.

On August 17, 2012, Nationwide removed this action to this Court.  On August 24, 2012, Nationwide filed its Counterclaim [2] alleging that Jackson submitted falsified repair estimates in connection with his insurance claim and that Nationwide paid to Jackson $24,659.45 based on these falsified estimates.  Nationwide asserts claims for fraud and breach of contract.

Jackson did not answer, or otherwise respond to, Nationwide's Counterclaim.[1]  On April 25, 2013, Nationwide moved for entry of default against Jackson, which the Clerk granted on April 26, 2013.

On May 1, 2013, Jackson filed his Motion for Voluntary Dismissal seeking leave to dismiss, without prejudice, his claims against Nationwide.  On May 8,

---

[1] On December 17, 2012, Jackson moved for leave to file an untimely answer to the Counterclaim.  On April 4, 2013, the Court denied Jackson's motion because it was offered more than three months after the deadline and offered no reason for the multi-month failure to file.

2013, Nationwide filed its Motion for Default Judgment on its Counterclaim against Jackson in the amount of $24,659.45.[2]  Jackson did not oppose, or otherwise respond to, Nationwide's Motion for Default Judgment.

## II.   PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice.  Id.

District courts have broad discretion to determine whether to allow a voluntary dismissal under Rule 41(a)(2), although it is clear that in most instances a dismissal without prejudice should be granted "unless the defendant will suffer clear legal prejudice, *other [than] the mere prospect of a subsequent lawsuit*, as a result."  Pontenberg v. Bos. Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856–57 (11th Cir. 1986)).  "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in

---

[2] On May 8, 2013, Nationwide filed its Motion for Summary Judgment on Jackson's claims.

each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  Id. (internal quotation omitted).

The purpose of Rule 41(a)(2) is to preclude voluntary dismissals that inequitably affect the opposing party, and to allow the implementation of curative conditions by the court.  Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga. 1991) (citing McCants, 781 F.2d at 856). "[W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants."  Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991).  For Rule 41(a)(2) purposes, the plaintiff's interest in dismissal is "of little concern."  Farmaceutisk, 142 F.R.D. at 181 (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).   "[T]he prospect of a second lawsuit on the same set of facts" is not sufficient legal prejudice to the defendant to justify denying a plaintiff's motion to dismiss without prejudice.  See McCants, 781 F.2d at 859; Durham, 385 F.2d at 368.

"The Eleventh Circuit has not explicitly adopted a list of factors that a trial court should consider when determining whether a defendant would suffer 'plain prejudice' versus 'the mere prospect of a second lawsuit'" in deciding if dismissal without prejudice is appropriate.  Mosley v. JLG Indus. Inc., No. 7:03-cv-119HL,

4

2005 WL 2293567, at *3 (M.D. Ga. Sept. 20, 2005), aff'd, 189 F. App'x 874 (11th Cir. 2006).  The Mosley court noted, however, that the cases in our Circuit "have hinged on various factors as the courts sought 'to weigh the relevant equities and do justice between the parties.'"  Id.  (quoting Stephens v. Ga. Dep't of Transp., 134 F. App'x 320, 323 (11th Cir. 2005)).  That is, substantial discretion is vested in the district court to evaluate what is a just resolution.  As the Eleventh Circuit explains: "[t]he crucial question to be determined is, Would the defendant lose any substantial right by the dismissal[?]"  Pontenberg, 252 F.3d at 1255 (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).

Nationwide asserts here that it will suffer prejudice if Jackson's Motion for Voluntary Dismissal is granted because discovery in this matter is concluded and Nationwide's Motion for Summary Judgment is now pending.  The Court disagrees.  Although Nationwide may be required to duplicate some efforts in a re-filed action, the Court notes that most, if not all, of the discovery conducted in this matter will be available for use in a re-filed action, if a re-filed action is allowed.  Additionally, Nationwide's Motion for Summary Judgment was not filed until after Jackson filed his Motion for Voluntary Dismissal, and the Court has not ruled on the Motion for Summary Judgment.  See Conafay ex rel. Conafay v. Wyeth Labs., 841 F.2d 417, 420 (D.C. Cir. 1988) (reversing the district court's denial of

voluntary dismissal where the defendant's summary judgment was not filed until after the filing of the motion for voluntary dismissal).  On the facts and procedural posture of this case, the Court finds that Nationwide will not "lose any substantial right" by the dismissal of Jackson's claims.[3]  Jackson's Motion for Voluntary Dismissal is granted.[4]

## III.   DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

A.   <u>Legal Standard</u>

Rule 55(b) of the Federal Rules of Civil Procedure governs the entry of default judgments:

(1) *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due— must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

---

[3] The Court notes that any potential inconvenience to Nationwide may be diminished by the potentially preclusive effect of the default judgment to which Nationwide is entitled on its counterclaims, as discussed below.  <u>See</u> <u>In re Bush</u>, 62 F.3d 1319, 1325 (11th Cir. 1995) ("Where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so . . . , it is not an abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action.").

[4] Because the Court grants Jackson's Motion for Voluntary Dismissal, Nationwide's Motion for Summary Judgment is moot and is denied on that basis.

(2) *By the Court.*  In all other cases, the party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

 "The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2685 (1983)). "In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

B.    Analysis

1.    *Fraud*

Nationwide first seeks default judgment on its fraud claim.  Under Georgia law, fraud has five elements: (1) a false representation by the defendant; (2) scienter; (3) intention to induce reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damages.  Home Depot U.S.A., Inc. v. Wabash Nat'l Corp., 724 S.E.2d 53, 60 (Ga. Ct. App. 2012).  In this case, Nationwide alleges that

Jackson intentionally made false representations to it by submitting falsified repair

estimates in connection with Jackson's insurance claim.  Nationwide further

alleges that Jackson intended to deceive Nationwide and that Nationwide relied on

the falsified estimates in making insurance payments to Jackson in the amount of

$24,659.45.  These allegations, which the Court deems admitted, are sufficient to

show fraud on the part of Jackson.  See id.; see also Eagle Hosp. Physicians, LLC

v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by

his default, admits the plaintiff's well-pleaded allegations of fact.'" (quoting

Nishimatsu Constr. Co., v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

1975))).  Nationwide is entitled to judgment in the amount of $24,659.45.[5]

    2.    *Breach of Contract*

Nationwide next seeks default judgment on its breach of contract claim.

Under Georgia contract law, "[t]he essential elements of a breach of contract claim

are (1) a valid contract; (2) material breach of its terms; and (3) damages arising

---

[5] The Court notes that, despite being in default, Jackson retained the right to
contest the amount of Nationwide's damages.  See Gulf Coast Fans, Inc. v.
Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984).  Jackson did not
do so, and the Court thus considers the amount of Nationwide's damages to be
unopposed.  See Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga.
2004) (holding that, under Rule 7.1(B) of the Court's Local Rules, "a party's
failure to respond to any portion or claim in a motion indicates such portion, claim
or defense is unopposed").

therefrom." TDS Healthcare Sys. Corp. v. Humana Hosp. Illinois, Inc., 880 F.

Supp. 1572, 1583 (N.D. Ga. 1995); see also Budget Rent-A-Car of Atlanta, Inc. v.

Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).  In this case, Nationwide alleges

the existence of a contract in the form of the Policy.  Nationwide further alleges

that Jackson breached the Policy by submitting falsified repair estimates in

violation of a provision of the Policy excluding coverage if Jackson "intentionally

concealed or misrepresented any material fact or circumstance" in connection with

the loss.  (See Counterclaim [2] ¶ 10.)  Nationwide states that, because of

Jackson's breach, it was damaged in the amount $24,659.45, the amount it paid,

but did not owe, under the Policy.  These allegations, which the Court deems

admitted, are sufficient to show breach of the Policy by Jackson and that

Nationwide is entitled to judgment in the amount of $24,659.45.[6]  See TDS, 880 F.

Supp. at 1583; see also Eagle Hosp., 561 F.3d at 1307.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary

Dismissal Without Prejudice [34] is **GRANTED**.  Plaintiff's claims against

---

[6] As noted above, Jackson did not contest the amount of Nationwide's damages, and the Court considers the amount to be unopposed.  See Kramer, 306 F. Supp. 2d at 1221.

Defendant are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's Complaint [37] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Entry of Default Judgment [36] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Defendant against Plaintiff in the amount of $24,659.45.

**SO ORDERED** this 27th day of November, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE